## In re Grove's Assigned Estate.

C. C. *Shull*, for exceptant; F. J. *Mervine* and L. A. *Achterman*, contra.

SHULL, P. J., February 9, 1931.—This matter is before the court on exceptions to the report of the auditor, making distribution of the fund in the hands of George F. Grove, assignee.

Exceptions to this report were filed on behalf of David Sheftleman and on behalf of Security Trust Company of Stroudsburg, executor of Mary Louise Lamb Cox. Both of said exceptants are claimants for rent for premises formerly occupied by the assignor, and David Sheftleman is likewise a claimant for rent for premises occupied by the assignee during his administration of the assigned estate.

The first exception filed on behalf of David Sheftleman is as follows:

"The auditor erred in disallowing the claim of David Sheftleman, which said claim was for rental for the premises occupied by the assignee from the date of the assignment to the date of sale and disposition of the assets of the assignor."

The learned auditor, in disallowing this claim for rent for the premises during the period they were occupied by the assignee, held that no rent should be allowed during any part of the time the assignee was in charge, because of the fact that the assignee had continued the business without first having obtained leave of court to continue said business, and that, therefore, no rent could be allowed as administrative expenses. The learned auditor is right in his conclusion that an assignee would have no right to continue the business of his assignor, and if he did so continue the business without leave of court, he would be chargeable with any loss that might be sustained.

The property assigned in this case was a drug store. It cannot be presumed that at the instant of the assignment of a business of this character, an assignee forthwith removed from the premises on which they are situate and disposed of the stock and fixtures of such store. They had to be kept somewhere during the period of administration and the logical place to keep them until they were finally disposed of was on the premises in which they were situated at the time of the assignment, and while it is true that rent accruing after the assignment is not "a rent claim against the property," it is an expense of administration and a proper one under the law; and, when incurred for a reasonable and proper time in the settlement of the estate, it should and must be paid with the other expenses of administration. If the time be unreasonable, then the assignee may become responsible to the creditors in whose behalf he is acting in the same manner in which such assignee would be responsible for any other waste of an assigned estate.

Objection was made before the auditor to the allowance of this claim for rent, and while the objection as made is perfectly sound as a legal proposition, for rent accruing after the assignment is not a preferred claim in the sense that rent accruing prior thereto is preferred under the law, that principle does not apply to this situation. The question as we meet it is whether rent accruing after the assignment and during the period the assignee is occupying the premises with the stock of merchandise is properly an expense of administration. If the objection went to the reasonableness of the rent claimed or as to the length of time for which the rent was claimed, we might then see some reason for sustaining it, but the testimony offered before the auditor does not disclose that this assignee was in any way dilatory or wasteful in the manner in which he performed his duties, and, while the objection states that this assignee continued to operate the business without consent of the court, there is no evidence from which this conclusion can fairly be made. It is true that it appears from the evidence that the assignee over a period of twelve weeks was selling goods at the store. It also discloses that he was

endeavoring to find a purchaser for the business as it stood, but there is not one scrap of testimony to the effect that the time taken in administering the affairs of this estate was an unreasonable period, nor is there anything to show that this assignee did anything further than sell goods, so far as the question of continuing to operate the business is concerned. Consequently, the basis of the objection made by counsel is in no way sustained by the evidence before us; and, that being true, the presumption is that this assignee proceeded in a proper manner and that the rental for the premises during the period they were occupied by him is a proper administrative expense and should have been allowed. Therefore, the first exception to the report of the auditor is sustained and the claim for rent is allowed.

Inasmuch as the total fund in the hands of the assignee for distribution is not sufficient to pay this claim in full, we feel it unnecessary to pass on the other exceptions filed to this report. However, the second exception goes to the question whether rent or wages be first preferred. This was determined by the auditor in favor of the question of wages, and, in determining it, he relies on section thirty-one of the Insolvency Act of 1901. This particular assignor falls within the class of persons who are subject to the operation of the bankruptcy laws of the United States, and, therefore, the Insolvency Act of 1901 is not operative. Section thirty-one, as well as all other portions of that act, is suspended so far as it relates to persons who fall within the provisions of the federal bankruptcy laws: Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206; Climax Road Machine Co. v. Shessley, 13 Dist. R. 649; Ranck's Estate, 14 Dist. R. 496; and that being true, as we view it, the Act of May 26, 1891, P. L. 122, becomes operative so far as it relates to this fund and the claim for rent would have preference over the claim for wages.

And now, February 9, 1931, the first exception to the report of the auditor is sustained. The auditor's report is referred back to the auditor for the purpose of making distribution in accordance with this opinion and decree.